The People of the State of New York, Respondent,
against
Jianjun Li and Chixin Fang, Appellants.




Margolin Besunder, LLP (Linda U. Margolin and Jeffrey D. Powell of counsel), for appellant.
John Healy, for respondent.

Appeals from a judgment of the Justice Court of the Village of Saddle Rock, Nassau County (Julia Gavriel, J.), rendered November 1, 2017. The judgment, pursuant to a decision of that court dated October 17, 2017, after a nonjury trial, convicted defendants of failing to remove or repair a structurally dangerous or unsafe structure, and imposed sentence.




ORDERED that, on the court's own motion, the notice of appeal by defendant Chixin Fang from the decision dated October 17, 2017 is deemed a valid notice of appeal from the judgment of conviction (see CPL 460.10 [6]); and it is further,
ORDERED that the judgment of conviction is reversed, on the law, the accusatory instrument is dismissed, and the fine, if paid, is remitted. 
In July 2016, defendants were charged in an information with failing to remove or repair a structurally dangerous or unsafe structure in violation of Village of Saddle Rock Code § 48-13 (B) and (C). Following a nonjury trial, the Justice Court found defendants guilty of the charge and sentenced them to a $202,000 fine. On appeal, defendants contend, among other things, that [*2]the accusatory instrument is facially insufficient. We agree.
In order for an information to be facially sufficient, the factual part of the information (along with any supporting depositions accompanying it) must allege nonhearsay allegations of fact of an evidentiary character that establish, if true, every element of the offense charged (see CPL 100.15 [3]; 100.40 [1] [c]; People v Dumas, 68 NY2d 729, 731 [1986]). These requirements are jurisdictional (see People v Kalin, 12 NY3d 225 [2009]; People v Casey, 95 NY2d 354 [2000]; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d at 731), and the failure to satisfy them may be asserted at any time, with the exception of a claim of hearsay, which is waived if it is not timely raised by motion in the trial court (see People v Casey, 95 NY2d at 365-367). An information must provide the defendant with sufficient notice of the offense charged so that he can prepare for trial, and the factual allegations must be adequately detailed so that the defendant cannot be tried again for the same offense (see People v Sedlock, 8 NY3d 535, 538 [2007]; People v Konieczny, 2 NY3d 569, 575 [2004]; People v Casey, 95 NY2d at 360). An "information which is facially insufficient is jurisdictionally defective and must be dismissed" (People v Sumter, 151 AD3d 556, 557 [2017]; see also People v Jones, 9 NY3d 259, 263 [2007]).
Village of Saddle Rock Code § 48-13 (B) states that a "structurally dangerous or unsafe" structure "shall be taken down promptly and removed or made safe and secure." Village of Saddle Rock Code § 48-13 (C) does not charge an offense; rather, it sets forth how a building official can determine whether a structure or condition is dangerous or unsafe upon an inspection. Therefore, defendants cannot be found guilty of violating this section. Even though section 48-13 (B) provides that the structure defined therein be removed or made safe, chapter 48 of the Saddle Rock Code provides for a penalty only if, pursuant to Village of Saddle Rock Code § 48-27 (B), a person "fail[s] to comply with a written order of the Building Official within the time fixed for compliance therewith . . ., or any other person taking part in assisting in the construction or use of any building . . . knowingly violate[s] any of the applicable provisions of law or any lawful order, notice, directive, permit or certificate of the Building Official."
The factual allegations in support of the information which charged defendants with violating Village of Saddle Rock Code § "48-13 (B)" stated: "Removal/Repair dangerous structure—retaining wall collapse/Failure to Remove/Repair. . . . Defendant maintains dangerous structure on premises, failed to correct per notice of violation dated February 25, 2016." The " 'determination of whether sufficient specificity to adequately prepare a defense has been provided to a defendant by the [accusatory instrument] . . . must be made on an ad hoc basis by considering all relevant circumstances' " (People v Sedlock, 8 NY3d at 539, quoting People v Morris, 61 NY2d 290, 295 [1984]). 
In our opinion, the foregoing factual allegations did not provide defendants with sufficient notice to prepare a defense and were not adequately detailed to prevent defendants from being tried again for the same offense (see People v Sedlock, 8 NY3d at 538; People v Konieczny, 2 NY3d at 575; People v Casey, 95 NY2d at 360). The information does not state [*3]that defendants failed to comply with a written order of a building official, or that they took part in the construction or use of a building, and knowingly violated any applicable provisions of law or any lawful order, notice, or directive of a building official, either of which must be alleged in the accusatory instrument to establish the propriety for the imposition of a penalty pursuant to Village of Saddle Rock Code § 48-27 (B) for a violation of § 48-13 (B). The February 25, 2016 notice referred to in the information does not satisfy the requirements of an order described in § 48-13 (D). In addition, the information does not sufficiently describe the location of the retaining wall, and it is uncontroverted that there is more than one wall on defendants' property. Moreover, it is irrelevant whether defendants had some knowledge outside of the accusatory instrument regarding the structure and its location, since the sufficiency of an accusatory instrument must be determined based on the allegations set forth "within the four corners of the instrument itself or in annexed supporting depositions" (People v Thomas, 4 NY3d 143, 146 [2005] [internal quotation marks omitted]). Consequently, we find that the information is jurisdictionally defective (see People v Sumter, 151 AD3d at 557).
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
TOLBERT, J.P., RUDERMAN and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 16, 2019